IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS ASSOCIATION OF FRAUDULENT JUDGMENT VICTIMS, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 3:15-CV-2858-M |
| MIDLAND FUNDING LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This removed civil action is before the Court on a *sua sponte* examination of subject matter jurisdiction. For the reasons stated, the Court determines that Plaintiff the Texas Association of Fraudulent Judgment Victims does not have standing to bring the claims asserted in this lawsuit and, therefore, dismisses this action, without prejudice, for lack of subject matter jurisdiction.

**Background**

Plaintiff filed this action against Midland Funding LLC ("Midland") and several other defendants, in the 134th Judicial District Court of Dallas County, Texas, seeking equitable relief from judgments rendered in Texas courts that are allegedly void for lack of subject matter jurisdiction and fraud on the court. *See* Pl. Orig. Pet., Rem. Not. App. [Docket Entry #3], at 3-11. In the Original Petition, Plaintiff alleged it was the "assignee" of an individual against whom Midland obtained an allegedly void judgment. *See, e.g.*, *id.* at 3, ¶2. Plaintiff subsequently filed a "First Amended Class Action Petition" in the state court action, purporting to represent a class of more than 1,000 individuals against whom Midland obtained an allegedly void judgment. *See id.* at 25-30. Midland thereafter removed, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §

1

1332(2) & 1453, this action and eight other lawsuits filed by Plaintiff in various Dallas County courts similarly seeking equitable relief from allegedly void judgments rendered in state court. *See* N.D. Tex. Case Nos. 3:15-cv-2860-M; 3:15-cv-2861-M; 3:15-cv-2862-M; 3:15-cv-2863-M; 3:15-cv-2864-M; 3:15-cv-2865-M; 3:15-cv-2867-M; 3:15-cv-2868-M. The Court consolidated the removed cases into this action. *See* Order of Consolidation [Docket Entry #13].

During a Rule 16 Conference, the Court *sua sponte* questioned whether Plaintiff had standing to bring the claims asserted. Plaintiff's counsel, William Ross Teter, responded that he was "not positive" as to whether the association has legal standing, nor did he have "any authority" that supports Plaintiff's standing. Counsel explained that Plaintiff is a nonprofit corporation incorporated under the laws of the State of Texas and that, although the association has no officers, directors, or shareholders, it does have "members" which are the same individuals named as putative class members. When the Court inquired whether counsel had a document that purports to be an assignment to Plaintiff of the claims being asserted, counsel responded that he did not have those documents at the hearing, but he had prepared them. The exchange with counsel failed to satisfy the Court's concerns regarding Plaintiff's standing. Therefore, the Court ordered Plaintiff to produce all the documents that it contends establish its standing to bring this lawsuit, including: (1) all documents relating to Plaintiff's incorporation and business activities; (2) a list of Plaintiff's members and other persons with legal authority to act for Plaintiff; and (3) copies of assignments from individual judgment debtors, if any.

In response to the Court's Order, Plaintiff filed a document stating that "[it] is NOT aware of any documents that establish standing for this United States District Court to invoke its removal jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441,1446 and 1453." *See* Pl. Resp. [Docket Entry #15] at 1, ¶A. The response further stated that Plaintiff's counsel represents at least 55 individuals who

allegedly "assigned to Plaintiff their causes of action against defendants for equitable relief from void and fraudulent judgments." *Id.* at 2, ¶C. However, Plaintiff failed to provide copies of the alleged assignments from the identified individuals. Nor did Plaintiff provide any documents relating to its incorporation or business activities. After noting the deficiencies in Plaintiff's response, the Court granted Plaintiff one final opportunity to submit evidence to establish its standing. *See* Order dated 10/21/15 [Docket Entry #16].

Over the next several weeks, Plaintiff filed six submissions in response to the Court's Orders. *See* Docket Entry #18, 20, 21, 22, 23, & 25. In one submission, Plaintiff included a copy of its Certificate of Formation and its Bylaws. *See* Pl. Resp. filed 10/31/15 [Docket Entry #21]. The Certificate of Formation shows Plaintiff was formed as a member-managed, nonprofit corporation under the laws of the State of Texas for the purpose of "advis[ing] and assist[ing] government officials in preventing fraudulent civil judgments and any other lawful purposes." *Id.* at 5-6. Plaintiff's Bylaws establish that "[a]ll persons against whom false and fraudulent pleadings were filed and/or judgments rendered in Texas Courts are entitled to membership in the Association and its benefits AT NO COST." *Id.* at 7. But, "[m]embership may be denied or withdrawn by the General Counsel at any time with or without cause." *Id.* The Bylaws reflect that Mr. Teter is Plaintiff's General Counsel. *See id.* Plaintiff's submissions consistently represented that only Mr. Teter is authorized to act for the association. *Id.* at 2, ¶4; *see also* Pl. Resp. filed 10/21/15 [Docket Entry #18] at 3; Pl. Resp. filed 10/26/15 [Docket Entry #20] at 3.

Plaintiff failed to submit any documentation regarding its business activities and represented that no such documents exist, other than the pleadings filed in this lawsuit. Pl. Resp. filed 10/21/15 at 2; Pl. Resp. filed 10/26/15 at 2. In one response, Plaintiff asserted that "[t]he only business activities in which Plaintiff has engaged consists of providing legal advice and representation AT

NO COST TO A CLIENT to obtain equitable relief from void and fraudulent judgments . . . ." *Id.* In a later response, Plaintiff stated that "its business activities consist of filing lawsuits as the assignee of its members to obtain equitable relief for its members and restore the dignity and integrity of the Texas Courts." Pl. Resp. filed 10/31/15 at 1-2, ¶2.

Plaintiff also failed to submit copies of any assignments in its favor from any judgment debtors. However, Plaintiff attempted to clarify that "[t]he reference to Plaintiff as an assignee in its pleadings relates to the transfer of the assignor's cause of action for equitable relief from a void and fraudulent judgment AT NO COST . . . ." Pl. Resp. filed 10/21/15 at 3; *see also* Pl. Resp. filed 10/26/15 at 4. Plaintiff further stated that its counsel had prepared and mailed letters to fifty-five individual "assignor-members" requesting "consent by the members to accept representation as the assignors of [Plaintiff]." Pl. Resp. filed 10/31/15 at 3, ¶5. Plaintiff identified its fifty-five "members" by name and explained that the named individuals were clients of Plaintiff's counsel, Mr. Teter. Pl. Resp. filed 10/21/15 at 2; *see also* Pl. Resp. filed 10/26/15 at 2.

Midland filed a Response to the documentation submitted by Plaintiff and urged the Court to limit its standing inquiry to the allegations set forth in Plaintiff's pre-removal pleadings. After Midland filed its Response, Plaintiff voluntarily dismissed all defendants other than Midland from this litigation. *See* Not. Vol. Dismissal [Docket Entry #31]. Thus, the only question before the Court is whether Plaintiff has standing to bring its claims against Midland. That issue has been fully briefed and argued, and is ripe for determination.

**Legal Standards and Analysis**

The Court has an independent duty to examine its own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n. 5 (5th Cir.2005) ("[A]ny federal court may raise subject matter

4

jurisdiction *sua sponte*."). Standing is a jurisdictional requirement in every federal action, and must be present at the time the suit is filed. *Resonant Sensors, Inc. v. SRU Biosystems, Inc.*, 651 F.supp.2d 562, 568 (N.D. Tex. 2009) (Lynn, J.). The party bringing suit bears the burden of showing that it has standing. *Id.* "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

Constitutional standing exists where three requirements are met: (1) the plaintiff has suffered an injury in fact, that is an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the challenged conduct; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff may obtain standing through an assignment of a cause of action. *See Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000).[1]

Plaintiff failed to meet its burden to show it has standing to bring the claims asserted against Midland. Plaintiff failed to allege—much less prove—that the association itself suffered an injury in fact. Plaintiff also has failed to establish that it has standing because of any assignment. Although Plaintiff's counsel generally represented to the Court that Plaintiff is the assignee of "cause[s] of action for equitable relief from . . . void and fraudulent judgment[s],"

---

[1] Additionally, an association has standing to sue on behalf of its members when (1) one or more of the organization's members would otherwise have standing to sue in their own right; (2) the interests the organization seeks to protect are germane to the organization's purpose and (3) neither the claim asserted nor the relief requested requires participation of individual members. *Friends of the Earth, Inc. v. Laidlaw Environmental Services, (TOC), Inc.*, 528 U.S. 167, 185 (2000). Although Plaintiff purports to be an association and to have members, Plaintiff was not suing on behalf of its members at the time of removal. Instead, Plaintiff brought suit as an assignee and as a putative class representative of a class of judgment debtors.

there is no evidence that any alleged holders of such a cause of action actually assigned their claims to Plaintiff prior to the filing of this lawsuit. In response to a direct question from the Court about whether he had a document that purported to be an assignment to Plaintiff of the claims that are being asserted, Plaintiff's counsel responded that he prepared the documents himself on behalf of the purported class members. However, the only documents produced by Plaintiff were "Claim Form[s]," which authorized Mr. Teter to continue representing his clients. *See, e.g.,* Pl. Resp. [Docket Entry #25] at 3. The Claim Forms state, in pertinent part:

> I am writing you again today because the following Claim Form SIGNED BY YOU is needed for me to continue representing you against Midland Funding:
> _____
>
> CLAIM FORM.  I hereby authorize my Attorney, ROSS TETER, to require and demand from MIDLAND FUNDING LLC and all related parties:
> - **DISMISSAL of the Judgment;**
> - **REMOVAL of negative credit reports;**
> - **REFUND of all payments;**
> - **DISGORGEMENT of all illegal gains and profits; and**
> - **PAYMENT of $10,000.00 to [judgment debtor].**
>
> *Please SIGN and return this Claim Form by return mail in the enclosed envelope.*
> _____
>
> **DON'T DELAY. UNTIL MIDLAND'S JUDGMENT IS VACATED (DISMISSED), YOU ARE AT RISK OF LOSING YOUR BANK ACCOUNT BY GARNISHMENT AND SEIZURE OF NON-EXEMPT PROPERTY BY A SHERIFF OR CONSTABLE.**
>
> As I previously notified you, there will be **NO COST TO YOU** because of funding available from the *Texas Association of Fraudulent Judgment Victims*, a non-profit public interest association that provides funding for its assignees and members (which includes you and my other clients).

*Id.* The Claim Form does not contain any assignment language and is not effective to transfer any rights or cause of action from one of Mr. Teter's clients to Plaintiff, or anyone else.

Plaintiff's counsel further attempted to explain that the assignments "were reflected only by the pleadings that were filed in the State District Court and removed to this United States District Court." Pl. Resp. [Docket Entry #21] at 3. An examination of Plaintiff's pre-removal pleadings, however, reveals nothing more than a singular statement that "Plaintiff is . . . the assignee of [an individual against whom Midland obtained a judgment in a debt collection lawsuit]." *See*, *e.g.*, Pl. Orig. Pet. [Docket Entry #3] at 1, ¶2 & 2-3, ¶9. Such conclusory and unsubstantiated assertions are not sufficient to establish standing on the basis of an assignment.

Midland argues that the Court should limit its inquiry to a facial examination of standing based on the factual allegations set forth in Plaintiff's pre-removal pleadings. Def. Resp. [Docket Entry #26] at 2. At the Rule 16 conference, however, the Court determined it was necessary to conduct a factual inquiry into Plaintiff's standing. The Court required Plaintiff to produce evidence, in addition to the allegations set forth in its pleadings, to establish its standing. The Court has considered the entire record and makes its determination based on all the facts before it.

Finally, Midland requests that the Court sanction Plaintiff and its counsel for bad faith litigation conduct. The Court may impose sanctions in the form of attorney's fees and costs against "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. To impose sanctions against an attorney under section 1927, the Court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *See Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002). Proving that an attorney's behavior was both "vexatious" and "unreasonable" requires "evidence

of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1992). Section 1927 authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Proctor & Gamble Co.*, 280 F.3d at 525. Courts often use repeated filings, despite warnings from the court, or other proof of excessive litigiousness to justify sanctions. *See Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988). In awarding fees under section 1927, the Court is required to "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Proctor & Gamble Co.*, 280 F.3d at 526.

Judged against these standards, the Court determines that it is appropriate to sanction Mr. Teter pursuant to 28 U.S.C. § 1927. The Court finds that Mr. Teter's conduct unreasonably and vexatiously multiplied the litigation by obfuscating and delaying the Court's resolution of the threshold issue of standing. The Court raised its concerns regarding Plaintiff's standing very early in this litigation. These concerns were prompted, in part, by the Court's prior experience with Mr. Teter. In 2014, Mr. Teter filed at least thirty-five separate lawsuits against Midland on behalf of many of the same individuals whom Plaintiff now identifies as its "assignors." Those lawsuits were consolidated in this Court and later dismissed. *See Arriaga v. Midland Funding*, Case 3:14-cv-04044-M (N.D. Tex.), Order dated 3/9/15 [Docket Entry #35]. The Court awarded costs and attorney's fees to Midland in the earlier litigation. *See id.*, Order dated 4/14/15 [Docket Entry ##43, 44].

When these cases were removed, the Court questioned whether Mr. Teter formed Plaintiff in order to bring new lawsuits based on nearly identical facts as the lawsuits that had

8

previously been dismissed. Mr. Teter failed to directly respond to the Court's questions regarding Plaintiff's standing. For several weeks, he represented to the Court that he had valid assignments to Plaintiff of the individual judgment debtors' causes of action for equitable relief. However, the record contains no evidence of any such assignments. Further, the "Claim Forms" which Mr. Teter offered as evidence of the assignments were not prepared until October 25 and 26, 2015, which is almost one week after the deadline the Court imposed on Mr. Teter to submit evidence that would establish Plaintiff's standing. The Court finds that Mr. Teter acted in reckless disregard of the duty of candor he owed to the court and that he unreasonably and vexatiously multiplied these proceedings. Therefore, the Court determines that Mr. Teter's conduct warrants a sanction under 28 U.S.C. § 1927 and ORDERS Mr. Teter to pay Midland's reasonable attorney's fees incurred in this litigation from the date of the Rule 16 Conference to the date of this Memorandum Opinion and Order.

## Conclusion

The Court concludes that Plaintiff lacks standing to bring any of its claims against Midland and DISMISSES this action without prejudice for lack of subject matter jurisdiction.

Midland is directed to submit evidence of its attorney's fees incurred from October 15, 2015 to the date of this Memorandum Opinion and Order, no later than two weeks from the date of this Memorandum Opinion and Order. Mr. Teter may respond no later than two weeks after Midland submits its evidence of attorney's fees.

**SO ORDERED.**

September 2, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE